UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Taeng Yang,

                Plaintiff,                Court File No. 17-cv-1150 (JNE/LIB)

    v.                            **REPORT AND RECOMMENDATION AND ORDER**

Michael Mcneill, et al.,

                Defendants.

This matter came before the undersigned United States Magistrate Judge pursuant to an order of referral, [Docket No. 15], made in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), and upon Defendants' Motion to Dismiss, [Docket No. 9], and Plaintiff's Motion to Amend Complaint, [Docket No. 21]. Briefing was completed on both Motions on September 19, 2017, and the Motions were taken under advisement on September 20, 2017. (See, Order, [Docket No. 23]).

For the reasons set forth below, Plaintiff's Motion to Amend Complaint, [Docket No. 21], is **DENIED**. In addition, the undersigned recommends that Defendants' Motion to Dismiss, [Docket No. 9], be **GRANTED**, and the case be **DISMISSED with prejudice**.

**I.    BACKGROUND AND STATEMENT OF FACTS[1]**

The following facts are taken from the Minnesota Court of Appeals' opinion in State v. Yang, 814 N.W. 2d 716, 717-18 (Minn. App. 2012).

> On a November 2010 afternoon, [City of St. Paul Police Department] Officers Michael McNeill and Seth Wilson were patrolling the St. Paul Frogtown

---

[1] For the purposes of the present Motion to Dismiss under Rule 12(b)(6), the Court accepts the facts alleged in the Complaint, [Docket No. 1], as true and construes them in the light most favorable to Plaintiff. See, Pharmaceutical Care Mgmt. Ass'n v. Gerhart, 852 F.3d 722, 726 (8th Cir. 2017).

> neighborhood when a police dispatcher relayed a 911 report that an Asian male wearing red pants had a gun at a particular residential address in their area. The officers recognized the address, associating it with drugs and arrests.
>
> Officers McNeill and Wilson, and others, arrived and saw four or five men of Asian descent entering the front yard from the porch, one of the men wearing red pants. The officers immediately took cover behind their squad cars, drew their handguns, and ordered the men to the ground. Officer Wilson handcuffed the man wearing red pants, Theng Yang[2], and asked him where the gun was. Yang told him that it was in his coat pocket. Officer Wilson found a handgun there. . . .
>
> Because he was previously convicted of a felony, Yang could not lawfully possess any firearm anywhere, so the state charged him with unlawful firearm possession. Yang moved the district court to suppress evidence of the gun, arguing that the detaining police officers lacked a reasonable, articulable suspicion that he was involved in criminal activity. The district court denied the motion, deeming the stop to have been justified.
>
> Yang waived his right to a jury and the state submitted the case to the district court judge in a stipulated-facts trial. The district court found Yang guilty and convicted him of unlawful firearm possession. It sentenced him to 60 months in prison over his motion for a downward dispositional sentencing departure. Yang appeal[ed], challenging the denial of his motion to suppress and the denial of his sentencing motion.

Id. at 717-718.

In an opinion issued June 18, 2012, the Minnesota Court of Appeals concluded that the detention and search had violated Yang's Fourth Amendment rights. Id. at 720-22. Accordingly, the Minnesota Court of Appeals reversed his conviction "because the unconstitutional detention and search produced the evidence that led to his conviction." Id.

On April 13, 2017, while imprisoned for a subsequent, unrelated conviction, Yang initiated the case presently before this Court by filing his Complaint, [Docket No. 1]. Yang named as defendants the City of St. Paul Police Department, Officer McNeill, Officer Wilson, and Sergeant Matthew Toupal (hereinafter collectively referred to as "Defendants"). (Compl., [Docket No. 1], 4). Attached to Yang's Complaint is a supplemental offense/incident report authored by Sergeant Toupal related to his investigation into the events of November 2010, and

---

[2] Although the Minnesota Court of Appeals' opinion spells Mr. Yang's first name differently than he spells it in the case presently before this Court, there is no dispute that the Defendant referred to in the 2010 Minnesota Court of Appeals opinion quoted herein is the same individual who brought the case presently before this Court.

Yang alleges that Sergeant Toupal "decided to accept the statement of the two other officers and then decided to press charges" against Yang which ultimately led to Yang's 2010 conviction. ([Docket No. 1-1], 2; [Docket No.1-2], 19-20). Yang asserts a claim under 42 U.S.C. § 1983 for the violation of his Fourth Amendment rights in 2010 as recognized by the Minnesota Court of Appeals, and he seeks compensatory damages in the amount of $750,000 as well as punitive damages and costs. (Compl., [Docket No. 1], 4-5; [Docket No. 1-1], 1).

On July 17, 2017, Defendants filed the present Motion to Dismiss, [Docket No. 9], in which they seek dismissal under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Yang's claims are barred by the applicable statute of limitations. (See, Mem. in Supp., [Docket No. 11], 1). United States District Judge Joan N. Ericksen thereafter referred the Motion to Dismiss to the undersigned for report and recommendation. (Order, [Docket No. 15]).

On September 5, 2017, Yang filed a Response in Opposition to the Motion to Dismiss, [Docket No. 19], and the present Motion to Amend his Complaint, [Docket No. 21]. Briefing on both Motions was completed on September 19, 2017, at which time the undersigned took the Motions under advisement on the parties' written submissions.

## II.     PLAINTIFF'S MOTION TO AMEND COMPLAINT, [Docket No. 21]

As set forth above, after Defendants filed the present Motion to Dismiss, [Docket No. 9], Yang filed a Motion to Amend his Complaint, [Docket No. 21]. Therein, Yang sought to bring claims of wrongful imprisonment and intentional infliction of emotional distress in addition to his § 1983 claim. ([Docket No. 21-2], 4-6). The Court will first rule on Yang's Motion to Amend his Complaint, [Docket No. 21]. See, Rickmyer v. Browne, 995 F. Supp. 2d 989, 1026-27 (D. Minn. 2014) (noting that the Eighth Circuit has instructed that when faced with a motion to

amend and a motion to dismiss the same complaint, the Court should consider the motion to amend first).

The section of the proposed Amended Complaint entitled "Allegations of Fact as to Defendants" begins by stating: "The entire factual allegations can be seen in the original complaint filed by Plaintiff. **See P. 6, and attached additional paper on p. 2** and can also be seen in the Minnesota Court of Appeals decision. **(See Exhibit B)** and the names of the defendant were herein attached in the original complaint. [*sic*]" ([Docket No. 21-2], 2). Later in the proposed Amended Complaint, Yang states: "The proceedings' [*sic*] paragraphs of the Amended Complaint are incorporated by reference to the original complaint and in the Minnesota Court of Appeals." (See Exhibit B)." Id. In other portions of the proposed Amended Complaint, Yang repeatedly refers to allegations made in the original Complaint. (See, e.g., Id. at 3 ("The acts of the above Defendants as set forth above and in the original complaint . . . ."), Id. at 4 ("Plaintiff has suffered actual loss . . . as a direct and proximate result of the Defendants cruel and wrongful invasion of his privacy as described in the original complaint."), Id. at 6 ("The acts of Defendants as set forth in the original complaint and Amended Complaint . . . .") (emphasis added).

This Court's Local Rule 15.1(a) provides: "Unless the court orders otherwise, any amended pleading must be complete in itself and must not incorporate by reference any prior pleading." By purporting to incorporate by reference the factual allegations in the original Complaint, Yang's proposed Amended Complaint fails to comply with Local Rule 15.1(a). It is also not complete in itself, as it does not contain any specific factual allegations to support Yang's claims. Although Yang is pro se, he must nevertheless comply with the Local Rules of this Court. See, Bunch v. Univ. of Ark. Bd. of Trs., 863 F.3d 1062, 1067 (8th Cir. 2017)

("[Plaintiff's] status as a pro se litigant did not excuse her from following the local rules."). The failure to comply with applicable local rules can result in denial of a party's motion. See, Rickmyer, 995 F. Supp. 2d at 1026.

Because Yang has failed to comply with the Local Rule 15.1(a) and has not submitted a proposed Amended Complaint which is complete in itself, his Motion to Amend Complaint, [Docket No. 21], is **DENIED**.[3]

### III.   DEFENDANTS' MOTION TO DISMISS, [Docket No. 9]

#### 1. Standards of Review

"'[I]f an affirmative defense . . . is apparent on the face of the complaint . . . that [defense] can provide the basis for dismissal under Rule 12(b)(6).'" Raymond v. Bd. of Regents of the Univ. of Minn., 847 F.3d 585, 589 (8th Cir. 2017) (quoting C.H. Robinson Worldwide, Inc. v. Lobrano, 695 F.3d 758, 764 (8th Cir. 2012)). When considering a motion to dismiss under Rule 12(b)(6), courts "look only to the facts alleged in the complaint and construe those facts in the light most favorable to the plaintiff." Riley v. St. Louis Cty. of Mo., 153 F.3d 627, 629 (8th Cir. 1998) (citing Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir 1998)), cert. denied 525 U.S. 1178 (1999). In addition to the face of the complaint, when considering a motion under Rule 12(b)(6), the Court may consider materials "'"necessarily embraced by the pleadings and exhibits attached to the complaint."'" Carlsen v. GameStop, Inc., 833 F.3d 903, 910-11 (8th Cir. 2016). Courts must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F. 3d 818, 820 (8th Cir. 2008).

---

[3] The Court also notes that Yang's Motion to Amend his Complaint, [Docket No. 21], could also be dismissed as futile, as even the proposed Amended Complaint does not set forth claims upon which relief can be granted. Yang's proposed amendments do not alter the 6-year statute of limitations which bars his § 1983 claims, and his proposed additional theories for recovery are not supported by any factual allegations whatsoever other than those which he attempts to incorporate by reference from the original Complaint.

### 2. Analysis

Defendants argue that Yang's Complaint fails to state a claim upon which relief can be granted because it is clear from the face of the Complaint that his claims are barred by the applicable statute of limitations. (Mem. in Supp., [Docket No. 11], 1). "[Section] 1983 actions 'brought in Minnesota are subject to a six-year statute of limitations.'" Rollins v. City of Albert Lea, 79 F. Supp. 3d 946, 955 (D. Minn. 2014). Defendants argue that the statute of limitations period began running on the day Yang was subjected to the illegal seizure—November 7, 2010. (Mem. in Supp., [Docket No. 11], 6). Therefore, because the present § 1983 claims were not filed in this Court until March 28, 2017, Defendants contend that Yang's claims are barred by the 6-year statute of limitations. (Id. at 6, 8-9).

Yang does not contest that the statute of limitations period is 6 years in length; rather, he argues that because he could not bring a § 1983 action until his conviction was overturned in Minnesota state district court, the statute of limitations period did not begin running until his conviction was overturned on June 18, 2012. (Mem. in Opp., [Docket No. 20], 3-4); see, also, Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a plaintiff cannot maintain a claim for damages which "would render a conviction . . . invalid" until the conviction has been invalidated). Thus, according to Yang, the statute of limitations on his § 1983 claims would not expire until June 18, 2018, and his Complaint was timely. (Id. at 4).

The United States Supreme Court has held that "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007) (emphasis in original). Moreover, accrual of a § 1983 cause of action is "'when the plaintiff has "a complete and present cause of action,"' that is when 'the plaintiff can file suit and obtain relief.'" Id. (citations omitted). Therefore, in the case presently

before this Court, Yang's § 1983 cause of action accrued on the date that his Fourth Amendment right were violated—November 7, 2010. See, Id. (§ 1983 claim based upon allegedly wrongful arrest accrued "as soon as the allegedly wrongful arrest occurred").

Even if Yang's arguments in opposition to the present Motion to Dismiss are construed as contending that somehow the statute of limitations was tolled until after his resulting conviction was invalidated, the Wallace Court has also rejected that argument. The United States Supreme Court explained that Heck v. Humphrey, 512 U.S. 477 (1994), applies to defer accrual of a tort cause of action "until the setting aside *of an extant conviction* which success in that tort action would impugn." Id. at 393 (emphasis in original). In other words, for Heck to apply and toll the statute of limitations on a § 1983 claim, there must be a conviction in place at the time of the violation which would be invalidated by success on the § 1983 claim. To argue otherwise is to argue for "the adoption of a principle that goes well beyond Heck: that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside. The impracticality of such a rule should be obvious." Id. at 393. In Wallace, the United States Supreme Court declined to adopt such an extension of Heck. Id. at 393-94. Rather, the Wallace Court instructed that it is proper to file a § 1983 action at its accrual because such an action may, if necessary, be stayed until the conviction in question is either affirmed or invalidated. Id.

Applying the principles of Wallace to the case presently before the Court, Yang's cause of action on his § 1983 claims accrued on November 7, 2010, the day his Fourth Amendment rights were violated. At that time, there was no conviction against him which could be invalidated by a contemporaneous § 1983 claim based upon those Fourth Amendment violations. Thus, Heck did not preclude Yang from bringing such § 1983 claims at that time. Moreover,

under Wallace, while Heck could operate to stay litigation on a timely filed § 1983 claim, it does not toll the statute of limitations applicable to timely filing of a § 1983 claim in the first instance. Accordingly, the 6-year statute of limitations for Yang to pursue § 1983 claims based upon the November 7, 2010, violations of his Fourth Amendment rights expired on November 7, 2016. Because Yang did not file his Complaint in this Court until April 13, 2017, his § 1983 claims therein are barred by the affirmative defense of the statute of limitations. They are claims upon which relief cannot be granted.

Accordingly, the undersigned recommends that Defendants' Motion to Dismiss, [Docket No. 9], be **granted** and the action be **dismissed** with prejudice.

### IV. CONCLUSION

1. For the foregoing reasons, **IT IS ORDERED** that:

    1. Plaintiff's Motion to Amend the Complaint, [Docket No. 21], is **DENIED**.

2. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

    1. Defendants' Motion to Dismiss, [Docket No. 9], be **GRANTED,** and the case be **DISMISSED with prejudice**.


Dated: November 2, 2017                                     s/Leo I. Brisbois
                                                            Leo I. Brisbois
                                                            United States Magistrate Judge


**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).