UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Taeng Yang,
        Plaintiff,

v.

Michael McNeill; Seth Wilson; Matthew Toupal; and City of St. Paul Police Department,
        Defendants.

Case No. 17-cv-1150 (JNE/LIB)
**ORDER**

---

    The Honorable Leo I. Brisbois, United States Magistrate Judge, has recommended that the Court dismiss Plaintiff Taeng Yang's claim that the above-captioned Defendants unlawfully arrested him. Report & Recommendation 7-8, Dkt. No. 29. On Defendants' Motion, Mot., Dkt. No. 9, the Magistrate Judge writes that the statute of limitations bars Yang's claim. In a November 2, 2017 Order, the Magistrate Judge also denied Yang's Motion to Amend his claim as futile. Order 5 n.3, Dkt. No. 28. Yang objects. Obj'n, Dkt. No. 32. Defendants respond. Dkt. No. 33.

    The Court now decides, based on a de novo review of the record, whether to dismiss Yang's claim. *See* 28 U.S.C. § 636(b)(1); LR 72.2(b)(3). The Court also decides whether to set aside the Magistrate Judge's Order for clear or legal error. *See* Fed. R. Civ. P. 72(a); LR 72.2(a)(3).

**Yang sued the Police for an allegedly unlawful arrest years after that arrest.**
    On March 28, 2017, Yang sued the City of St. Paul Police Department and its current or former officers Michael McNeill, Seth Wilson, Matthew Toupal (collectively, "the Police") for arresting him in violation of the Fourth Amendment. *See* Compl. 6-7,

Dkt. No. 1.  That arrest "produced the evidence that led to," ultimately, Yang's March 7, 2011 sentencing to prison.  *State v. Theng Yang*, 814 N.W.2d 716, 722 (Minn. Ct. App. 2012); Warrant of Commitment, Dkt. No. 25-1; *see* Compl. 5.  The Minnesota Court of Appeals vacated Yang's sentence after ruling his arrest unlawful and excluding the produced evidence.  *Yang*, 814 N.W.2d at 722.  Yang now wants damages under 42 U.S.C. § 1983 for that arrest.  Compl. 1, 7.  And, moving to elaborate on his claim, he seeks to allege his imprisonment and emotional distress.  *See* Motion to Amend, Dkt. No. 21; Proposed Compl. 5-6, Dkt. No. 21-2.

**For an unlawful-arrest claim, a plaintiff has six years to sue from when he was first detained pursuant to legal process after his allegedly unlawful arrest.**
    To dismiss a claim for an affirmative defense, a court must find that affirmative defense on the complaint's face, "which includes public records . . . embraced by the complaint."  *A.H. ex rel. Hubbard v. Midwest Bus Sales, Inc.*, 823 F.3d 448, 453 (8th Cir. 2016) (internal marks omitted) (affirming dismissal because of affirmative defense).  Affirmative defenses include the statute of limitations.  Fed. R. Civ. P. 8(c)(1).  The statute of limitations applies to pro se plaintiffs, despite a court's duty to liberally construe their claims.  *Anunka v. City of Burnsville*, 534 F. App'x 575, 576 (8th Cir. 2013) (per curiam) (affirming pro se plaintiff's dismissal as time-barred).  A court may likewise deny a motion to amend a complaint for futility when the "amended complaint would not survive a . . . motion to dismiss."  *Briscoe v. Cty. of St. Louis*, 690 F.3d 1004, 1015 (8th Cir. 2012) (affirming denial of motion to amend for futility).

    For "a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings," the statute of

limitations begins to run "at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007) (affirming time bar on unlawful-arrest claim). Detention pursuant to legal process begins, and the unlawful arrest ends, once the plaintiff is "bound over by a magistrate or arraigned on charges." *Id.* at 389. And even if "damages for detention pursuant to legal process" are "consequential damages attributable to the unlawful arrest, that would not alter the commencement date for the statute of limitations." *Id.* at 391. Besides, those legal-process damages are "chargeable to defendants other than" the arresting police. *Id.*

For unlawful-arrest claims under section 1983, the statute of limitations begins to run when it does because "the plaintiff can file suit and obtain relief" during the time between his detention pursuant to legal process and his conviction. *Id.* at 388; *cf. Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("A claim for damages [from] a conviction or sentence that has not been so invalidated is not cognizable under § 1983."). This early ability to sue contrasts with unfair-trial claims under section 1983, which must wait until the allegedly unfair trial's conviction is thrown out. *See Buckley v. Ray*, 848 F.3d 855, 867 (8th Cir.), *cert. denied*, 137 S. Ct. 2314 (2017).

Once the statute of limitations begins to run for a section 1983 claim, how long a plaintiff has to sue depends on the state from which the claim arose. In Minnesota, a plaintiff has six years to sue. *Anunka*, 534 F. App'x at 576. And, to toll those six years, that plaintiff must "allege sufficient facts to support a basis for tolling." *Id.* Because state law governs tolling of section 1983 claims, that basis must cite Minnesota state law "providing tolling in . . . comparable circumstances." *See Wallace*, 549 U.S. at 394.

Without a state-law basis, a federal court may not toll the statute of limitations for a plaintiff's criminal prosecution:

> But when has it been the law that a criminal defendant . . . is absolved from all other responsibilities that the law would otherwise place upon him? If a defendant has a breach-of-contract claim against the prime contractor for his new home, is he entitled to tolling for that as well while his criminal case is pending?

*Id.* at 396.

**Yang's March 28, 2017 claim for unlawful arrest is time-barred because, after that arrest, he was sentenced pursuant to legal process on March 7, 2011, more than six years before he filed his claim.**

Yang's claim is time-barred. On March 28, 2017, Yang sued the Police. But Yang was detained pursuant to legal process sometime before his March 7, 2011 sentencing. Public records evidence that sentencing; Yang's Complaint embraces those public records because he refers to his now-vacated sentence. Yang's sentencing was after and flowed from his arraignment or equivalent procedure, which marks legal process's advent, no matter what happens later. So, Yang's six years to sue had already started by March 7, 2011. And he sued more than six years later. No tolling applies here because Yang has not alleged facts or Minnesota state law that could support tolling. On the face of Yang's Complaint, the statute-of-limitations defense is complete.

Yang's Motion to Amend is futile because the new allegations cannot save his claim from the statute of limitations. Even if true and chargeable to the Police, those allegations are only consequences of the alleged unlawful arrest and thus cannot change when Yang was detained pursuant to legal process. And without a state-law basis, they

also cannot support tolling. Yang's time was up weeks before he sued, even under his new facts.

**Conclusion**

The statute of limitations bars Yang's unlawful-arrest claim and his new allegations cannot cure that defect. IT IS SO ORDERED THAT:

1. The Magistrate Judge's November 2, 2017 Order [ECF No. 28] is AFFIRMED, and Plaintiff Taeng Yang's Objection [ECF No. 32] is DENIED.

2. The Magistrate Judge's November 2, 2017 Report & Recommendation [ECF No. 29] is ADOPTED, and Defendants' Motion to Dismiss [ECF No. 9] is GRANTED.

LET JUDGEMENT BE ENTERED ACCORDINGLY.


Dated: January 8, 2018                    s/ Joan N. Ericksen
                                          JOAN N. ERICKSEN
                                          United States District Judge